**Frank J. MATUSH, III, Appellant,**

v.

**Josephine C. MATUSH, Appellee.**

**No. 6153.**

Court of Civil Appeals of Texas, Waco.

June 12, 1980.

David Greenfield, Prescott, Greenfield, Mewhinney & Wilson, Temple, for appellant.

James O. Cure, Temple, for appellee.

HALL, Justice.

Frank J. Matush, III and Josephine C. Matush were divorced on August 17, 1973. In the judgment of divorce, Mrs. Matush was awarded the custody of the parties' two minor children, a son born November 10, 1962, and a daughter born July 14, 1965. Mr. Matush was ordered to pay child support in the amount of $75.00 per month per child. Additionally, Mrs. Matush was awarded the use of a house in the City of Temple, owned by Mr. Matush as his separate property, as a residence for her and the children.

Mrs. Matush initiated this proceeding in July, 1978, for an increase in the child support payments on the ground that the circumstances of the parties had changed materially since the rendition of the original order. After the case was heard by the court without a jury, in January, 1979, judgment was rendered as follows: The original order awarding Mrs. Matush and the children the use of Mr. Matush's house was set aside and vacated; and Mr. Matush was ordered to pay child support in the amount of $225.00 per month per child. Mrs. Matush was also awarded $750.00 attorney's fees.

Mr. Matush brought this appeal. His main contentions are that the court's modification of the child support payments was

an abuse of discretion because (1) the amount ordered does not leave him sufficient monthly income for his living expenses, and (2) the amount ordered of him is not an equitable division between the parents of the support of the children.

Mrs. Matush is employed at the Veteran's Administration Hospital Center in the City of Temple. Her gross income is her salary of $409.60 every two weeks. The current deductions from her gross pay are $52.31 for income tax withholding, $76.00 for a loan payment, $24.86 for health insurance, $28.67 for retirement, $3.00 for union dues, and $3.32 for life insurance, leaving her net income at $221.44 every two weeks. She has incurred substantial indebtedness in order to support herself and the children. Mr. Matush is employed at Matush Auto Supply in the City of Temple. His adjusted gross income for the tax year 1977 was $12,472.55 including salary, bonus of $3,000.00, and interest of $322.55. His adjusted gross income for the calendar year 1978 was at least $13,922.55, including salary, a bonus of $4,000.00, and interest in excess of that received in 1977. His employer furnishes him with a 1975 model automobile which he uses both personally and in business, and his employer provides the gasoline and insurance for the automobile. The fair market value of the use of the automobile, with gasoline and insurance provided, is $225.00 per month. Mr. Matush has accumulated savings in excess of $7,000.00 since he and Mrs. Matush were divorced in 1973.

The house owned by Mr. Matush which was originally set aside to Mrs. Matush as a residence for her and the children contains two bedrooms, a den, a living room, and a small kitchen. At the time of the original order the ages of the children were such that, although of opposite sex, they could share the same bedroom. At the time of trial they were teenagers, and it was no longer satisfactory for them to share the same bedroom. Also, the house has suffered deterioration since the original decree because Mrs. Matush was unable to maintain it with her income, and Mr. Matush has not maintained it. Mrs. Matush testified that for those reasons the house is no longer suitable as a residence for her and the children. Her testimony also shows that as the children have grown older, the costs of their needs for food, clothing, shelter and education have materially and substantially increased.

Mr. Matush's testimony reflects that at the time of trial the house which was originally set aside to Mrs. Matush and the children had a fair rental value of $200.00 per month; that his effective gross income in 1978 would have been $20,562.55 or more if the before-income-tax value of the fair rental value of the house and the before-income-tax value of the use of the 1975 automobile were included in it; and that his living expenses, including child support, IRA retirement account contribution, and attorney's fees, total $932.50 per month.

Without the benefit of the $200.00 per month rental value of his house, Mr. Matush was paying $150.00 per month child support. With the benefit of the rental value of the house, he now must pay $450.00 per month. Consequently, the order in question effects an increase of $100.00 per month. The record amply supports this increase. The court did not abuse its discretion.

Mr. Matush's remaining complaints are also without merit. They are overruled.

The judgment is affirmed.